IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
(SAN ANTONIO DIVISION)

| | | |
|---|---|---|
| A'GACI, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:16-cv-237 |
| | § | |
| SONYA MARTIN, DBA NOTICE | § | **JURY DEMANDED** |
| MAGAZINE, | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT, DECLARATORY JUDGMENT, AND INJUNCTION

Plaintiff A'GACI, LLC brings this civil action against Defendant SONYA MARTIN, d.b.a. NOTICE MAGAZINE, and would respectfully show as follows:

### Parties

1.  A'GACI, LLC is a Texas limited liability company with its principal place of business at 12460 Network Boulevard, Suite 106, San Antonio, Texas 78249.

2.  Defendant SONYA MARTIN, d.b.a. NOTICE MAGAZINE, upon information and belief, is a resident of California, and may be served with process at 8405 Melrose Place, West Hollywood, California 90069; 8424 Santa Monica Boulevard, Suite 117, West Hollywood, California 90069; 145 South Doheny Drive, Apt. 302, Los Angeles, California 90048; 10250 Santa Monica Boulevard, Los Angeles, California 90067; 7875 Montgomery Road, Cincinnati, Ohio 45236; or anywhere else she may be found.

### Jurisdiction and Venue

3.  This action arises under the copyright laws of the United States, 17 U.S.C. § 101, *et seq* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  This Court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202, and 17 U.S.C. § 502(a) (injunction).

4. Venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events underlying this claim occurred in the Western District of Texas; and Defendant routinely transacts business in Texas through interactive internet offerings and sales into Texas.

5. This Court has specific personal jurisdiction over Defendant because Notice Magazine has taken actions specifically and repeatedly infringing A'Gaci's copyrights within the state of Texas and within the Western District of Texas. Defendant maintains one or more highly interactive websites accessible in the Western District of Texas that utilize and infringe A'Gaci's copyrighted materials in the marketing and sale of Defendant's competing products. Defendant has purposefully directed its infringing activities into Texas, and this lawsuit results from A'Gaci's injuries arising from those activities.

**Background**

6. A'Gaci is a privately-owned business that began in 1971. A'Gaci markets and sells high fashion clothing and accessories through a chain of nationwide retail outlets located in Arizona, California, Florida, Illinois, Maryland, Minnesota, New Mexico, New York, Puerto Rico, Tennessee, and Texas; and also through its website ("www.Agaci.com"). A'Gaci currently has 1,034 employees in Texas and an additional 907 employees outside of Texas.

7. A'Gaci employs a trend-setting team of buyers and marketers for its clothing and accessory products. A'Gaci further employs a production team for its advertising materials for such products, including, but not limited to, photographers, set designers, and makeup artists, all of whom are involved in A'Gaci's work-for-hire creation of marketing materials, consisting primarily of digital photographs of models displaying A'Gaci-labeled products.

8.  A'Gaci is the sole copyright owner of all such work-for-hire photographic materials, which A'Gaci posts, and regularly updates, on its website.

9.  On or about January 27, 2016, A'Gaci's director of e-commerce reported finding identical copies of A'Gaci's copyrighted photographs on the interactive website of A'Gaci's competitor, Notice Magazine.  Notice Magazine's website, www.shopnoticemag.com, includes interactive features such as "contact us" e-mail and "live chat" options, and, most importantly, the ability to directly purchase products with shipment into Texas.  More than twenty different infringing materials were found on shopnoticemag.com.  Representative samples of A'Gaci's copyrighted and unpublished photographs from A'Gaci's website, and Defendant's identical and infringing photographs found on www.shopnoticemag.com are attached hereto as Exhibits A-F.

10.  Upon information and belief, Defendant is the owner of the interactive shopnoticemag.com website, and regularly transacts commercial sales of products for profit through this website.

11.  Upon further information and belief, Defendant owns or operates at least two retail stores in Los Angeles, California, and Cincinnati, Ohio, that sell competing products advertised through the shopnoticemag.com website and utilizing the same infringing materials.

12.  At no time preceding the commencement of this complaint did Defendant request or obtain A'Gaci's permission to use A'Gaci's copyrighted materials.  Defendant's unauthorized use is an infringement of A'Gaci's exclusive copyrights and has resulted in Defendant offering for sale in Texas products that duplicate A'Gaci's products by utilizing A'Gaci's exclusive copyrighted materials.

13.  An actual and justiciable controversy exists between A'Gaci and Defendant with respect to Defendant's infringement of A'Gaci's copyrighted materials.

## Count One
### (Declaratory Judgment)

14. The allegations of paragraph 1 through 13 above are incorporated by reference.

15. A'Gaci prays for a declaratory judgment that it is the exclusive owner of the copyrighted materials; and that Defendant has infringed A'Gaci's exclusive copyrights to same. A'Gaci further prays for the recovery of its reasonable and necessary attorneys' fees for the prosecution of this cause of action.

## Count Two
### (Copyright Infringement)

16. The allegations of paragraphs 1 through 15 above are incorporated by reference.

17. Based upon the foregoing, Defendant has utilized A'Gaci's copyrighted materials for the promotion and sale of Defendants' competing products, in violation of 17 U.S.C. § 101, *et seq*. A'Gaci requests an accounting of Defendant's internet and retail store sales of competing products advertised through A'Gaci's copyrighted materials.  A'Gaci demands judgment for its actual damages suffered as a result of the infringement, all profits obtained by Defendant attributable to the infringement, and recovery of interest, costs, and attorneys' fees.

## Count Three
### (Misappropriation/Theft)

18. The allegations of paragraphs 1 through 17 above are incorporated by reference.

19. Based upon the foregoing, A'Gaci has established that it created its materials through extensive time, labor, skill, and money; Defendant has used those materials in competition with A'Gaci; Defendant thereby gained a special advantage in that competition because Defendant bore none of the expense incurred by A'Gaci; and A'Gaci suffered resulting commercial damages for which A'Gaci demands judgment, plus interest, costs, and attorneys' fees.

**Count Four**
**(Unfair Competition/Unjust Enrichment)**

20.  The allegations of paragraphs 1 through 19 above are incorporated by reference.

21.  Based upon the foregoing, Defendant has utilized dishonest practices and has been unjustly enriched for which A'Gaci prays for all reasonable equitable relief upon final judgment.

**Count Five**
**(Injunction)**

22.  The allegations of paragraphs 1 through 21 above are incorporated by reference.

23.  Based upon the foregoing, and after reviewing evidence to be produced at a preliminary injunction hearing, A'Gaci will move the Court to enter preliminary and, ultimately, permanent injunctions, pursuant to 17 U.S.C. § 502 and Rule 65 of the Federal Rules of Civil Procedure, prohibiting Defendant, its owners, officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them, from utilizing any of A'Gaci's copyrighted materials, including, but not limited to, photographs from A'Gaci's website, in the marketing or sale of Defendant's competing products, or otherwise.

WHEREFORE, Plaintiff A'GACI, LLC prays that the Court and jury:

(1)     declare A'Gaci's ownership rights in the copyrighted materials;

(2)     declare that Defendant has violated A'Gaci's copyrights in such materials;

(3)     award A'Gaci its actual damages and attorneys' fees;

(4)     enter a preliminary injunction prohibiting Defendant's further use of any and all A'Gaci copyrighted materials;

(5)     enter a permanent injunction prohibiting Defendant's infringing activities; and

(6)    for general relief as the Court deems just and proper.

Respectfully submitted,

COKINOS, BOSIEN & YOUNG

BY: _/s/  Stephanie L. O'Rourke_____
       STEPHANIE L. O'ROURKE
       Bar No. 15310800
       sorourke@cbylaw.com
       10999 West IH-10, Suite 800
       San Antonio, Texas 78230
       (210) 293-8700
       Fax:  (210) 293-8733

       CHARLES W. GETMAN
       Bar No. 07831200
       cgetman@cbylaw.com
       Four Houston Center
       1221 Lamar Street, 16th Floor
       Houston, Texas 77010
       (713) 535-5500
       Fax:  (713) 535-5533
Attorneys for Plaintiff A'GACI, LLC

G:\WPDOCS\3204022\Pleadings\cwg Orig Complaint.docx